Judge Underwood,
delivered the opinion of the court.
The record in (his case has been awkwardly made up. It seems that the defendant below -now plaintiff, tiled a special plea of former recovery, for the same cause of action which was called the first plea, and the general issue numbered as the second plea. The record states that “the plaintiff filed a replication to the first plea, and joined issue to the second plea.” The record then proceeds thus “and the plaint,ff replied nul tiel record to second plea, and issue by defendant to the replication of nul iicl record, and it is ordered that the replication be sustained, and the second plea is adjudged bad.” The replication and issue thereon are not copied. It is very obvious that this replication could only apply to the first plea, which set out the former recovery in bar, and that it is a clerical misprision in making up *504 the record. It would indeed be strange for the court to adjudge the plea of non-assumpsit bad, after an issue had been taken upon it in an action of assump-sit. The record does not state that the jury were sworn to try the issue,or to enquire of damages. Such blunders ought not to have been committed, and must be corrected upon the return of the cause. The parties may then file their pleadings de novo.
We shall dispose of the case upon the questions growing out of the instructions asked for. The present was an action of assumpsit instituted in March 1830, by Paxton against Arnold. The declaration contains four special counts. From them it appears that Paxton claimed $100 for removing and re-building a house for Arnold, and also the worth of such additional materials as he furnished to complete the house, and the value of extra work <fcc. upon the materials so furnished. In April 1827, it seems, Paxton sued Arnold in assumpsit. The declaration in this case contains two counts; the first is an indebitatus count, founded on the consideration of work and labor done, and services rendered, and materials furnished in palling down and re-building houses, laying brick, &e. the second is a quantum valebant count, for the same things. To thio action Arnold plead the general issue, and gave notice of set-off. The jury found a verdict in favor of Arnold, for $16, 34 cents, and judgment was accordingly rendered in his favor.-— Upon the trial of the last action instituted by Paxton, evidence was given conducing to shew that the jury upon the trial of the first, which look place in 1828, allowed Paxton the value of removing and re-building the house,&lc. as a credit upon Arnold’s demand against him. Upon this state of fact, the court, on motion of Paxton, instructed the jury “that in the former action brought by Paxton against Arnold, Paxton could not recover against Arnold on account pf the special contract upon which his suit is founded in this action.” Such an instruction, we think, ought not to have been given. It was calculated to mislead the jury, and we apprehend did have that effect, by inducing them to find damages in Paxton’s favor for re-building the house, when he had been allowed therefor upon the former trial. We think it is most probable that the trial took place upon the plea of *505 nan assumpsit.. Under that issue, it was competent to give, in evidence, a former recovery for the same cause in Imr of the fiction; I. Chitty Plea. 472; II condensed Repts. 608; VII. Cranch 565. If Paxton bad been credited in the former suit, for removing and rebuilding the house, which the jury should have heen permitted to determine upon the evidence, lie ought not lo have recovered therefor in this action. The instruction given, was well calculated to induce a belief, on the part of the jury, that Paxton could not in ttie first action have recovered, or which is the same thing, gotten a credit for the identical same cause which is embraced by the special contract set out in the various counts of the present declaration; whereas, the law is well settled in opposition to the bearing of the instruction, that where a special agree-meat has been executed, for instance, when the work and labour stipulated to be performed, has actually been done, the labourer may recover upon the common count, the price which, by the special contract, was agreed to be paid; I. Chitty Pleading, 333 and authorities there referred to. We see no reason why P.ixton could not recover for removing and re building the house, as well under the common counts contained in the declaration of his first suit, as under the special counts in the present declaration.
Umi<r nim-assumpsit, 10 troiiuop vvi-dmce-of a formtr reco»-
„„.n, has-been perf.rmcd im jjj* P!jrt |t0 may' (m ’ cone na«e«) "n" m„n00nnts" the price w|,ioh by the ÍJent wafto* be paid him tor his -labor.
Denny and Julian, for plaintiff; Haggin, for defendant.
We see no objection to the instruction asked for by (be defendant, now plaintiff in error, so furas it related to removing and re-building the house; but it was properly refused, in as muchas it did not say any thing as to the extra work and materials, and yet asked a verdict for the defendant. If the jury should be of opinion that the whole of Paxton’s claim now asserted, has been compensated and settled by the former trial, it will be their duty to find for Arnold, upon the return of the cause.
Judgment reversed with costs, and cause remanded for a new trial.